NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0071n.06

Case No. 20-5744

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Feb 04, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| FREDRICK FINLEY, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS, GILMAN, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Mark Medina, a Memphis Police Officer, stopped Fredrick Finley because his Chevrolet Monte Carlo did not have a tag light illuminating the license plate. The stop led to the discovery of drugs and a loaded firearm, which in turn led to several drug and firearm charges. Finley pleaded guilty, and the district court sentenced him to roughly ten years in prison. Finley claims that the court erred when it denied his motion to suppress the evidence discovered during the stop. But Finley's unconditional plea did not preserve the right to appeal the suppression decision, and the officer had probable cause to make the stop anyway. We affirm.

While idle at a stop sign one evening in December 2017, Officer Mark Medina glanced into his driver's side mirror and saw a silver Chevrolet Monte Carlo without a working tag light. To confirm that the two-door coupe lacked illumination, Officer Medina "looked over [his] shoulder and still could not see a tag light." R.110 at 8. He made a U-turn, turned on his lights and siren, and stopped the car.

When Officer Medina approached the car, Fredrick Finley opened the door and gave the officer his information. The opening of the door also released a strong odor of marijuana. In response, Officer Medina ordered Finley to step out of the car. A frisk revealed a loaded pistol and two bottles of pills. A vehicle search turned up "over a pound of marijuana sitting on [the] back seat," R.111 at 5, packaged in "[m]ultiple different-sized baggies," R.110 at 27.

The government charged Finley with several drug and firearm offenses. *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c); 18 U.S.C. § 922(g)(1). In October 2018, Finley was arrested again when officers, while executing a search warrant at the home of Finley's brother, found Finley present and in possession of a large quantity of drugs. After this second arrest, the government added two more drug counts. *See* 21 U.S.C. § 841(a)(1). Finley moved to suppress the evidence discovered during the traffic stop, which the district court denied. The government and Finley then discussed a plea deal, but could not agree to its terms.

Finley proceeded to trial. But he changed his mind during jury selection. In exchange for his guilty plea, the government dismissed the charges from the second arrest and reached a plea agreement with him under Criminal Rule 11(c)(1)(C), which allows the parties to recommend a sentence to the district court. The agreement called for a 15-year sentence. The court accepted Finley's guilty plea, but deferred a decision on the plea agreement and the recommended sentence.

Finley changed his mind again and tried to withdraw his guilty plea under Criminal Rule 11(d). The district court rejected the motion at the sentencing hearing. At the same time, it declined to enter the stipulated 15-year sentence, which it considered too high. The court sentenced him to a 123-month prison term.

On appeal, Finley challenges the district court's suppression ruling. That argument faces two obstacles.

2

First, Finley failed to preserve his right to challenge the ruling through his guilty plea. "With the consent of the court and the government," a defendant entering a guilty plea may "reserv[e] in writing" the right to appeal the denial of a "specified pretrial motion." Fed. R. Crim. P. 11(a)(2). Criminal Rule 11(a)(2) "places an affirmative duty on the defendant to preserve *all* potential collateral challenges" that the defendant wishes to present on appeal. *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991); *see also United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012). To preserve his right to appeal a pre-trial motion, Finley had to enter "1) a conditional guilty plea in writing; 2) that reserve[d] the right to appeal a specified pre-trial motion; and 3) that evidence[d] the government's consent." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003).

Finley did not preserve his right to appeal the suppression motion. He voluntarily entered an unconditional guilty plea and did not reserve in writing (or for that matter orally) the right to appeal the suppression ruling. That unconditional plea bars this appeal. Finley offers no explanation of how he preserved his right to appeal the suppression motion.

Second, even if Finley had preserved his right to appeal the suppression ruling, it would not have advanced his cause. Under the Fourth Amendment, officers at a minimum may initiate traffic stops when they observe that a motorist is violating "traffic laws." *Whren v. United States*, 517 U.S. 806, 808 (1996); *see also United States v. Lott*, 954 F.3d 919, 923 (6th Cir. 2020).

Officer Medina had probable cause to stop Finley. The officer observed that Finley's car did not have a working tag light. The district court credited his testimony. That observation created an objective basis for believing Finley had violated Tennessee law, which requires license plates to be illuminated in the dark. *See* Tenn. Code Ann. § 55-4-110(c)(1). On this record, the district court correctly ruled that the officer had "probable cause to believe that the vehicle was being operated in violation of Tennessee law." R.111 at 7.

This reasoning also defeats Finley's claim (never raised below) that the officer "engage[d] in unconstitutional racial profiling." Appellant Br. at 8. As Finley sees it, "the absence of any typical or legitimate law enforcement reason" for stopping him proves that racial profiling was afoot. *Id.* But, as just shown, Officer Medina had a legitimate reason for stopping him. The district court credited that explanation, Finley never contradicted the tag-light violation, and this objective basis for the stop satisfies the Fourth Amendment. *See Whren*, 517 U.S. at 813–14.

We affirm.